TOBIN v. MYERS.

1. Both judgment and execution are links in the title to land purchased at sheriff's sale; and while mere irregularities in them will not avoid the sale, the rule is different where either judgment or execution is absolutely void.

2. A judgment is presumed paid after twenty years have elapsed since its entry, notwithstanding an *ex parte* renewal of the *fi. fa.* within that time. *Dillard* v. *Brian,* 5 *Rich.* 502, recognized and followed.

3. A sale of land under a judgment more than twenty years old, held null and void.

---

Before HUDSON, J., Barnwell, March, 1882.

Action by J. Allen Tobin and August Zissett. The case is fully stated in the order of the Circuit judge, as follows:

On May 14th, A. D. 1860, Duncan, Moloney & Co. recovered judgment, by confession, against Gideon S. Brown, of Barnwell, had the same duly entered up, and execution issued and lodged on the same day, for $290.75 and costs.

This judgment and execution lay dormant from that day until May 11th, 1880—no payments having been made thereon, no levy made, and no renewal of the execution until the last named day, when, without notice, and without leave of the court, either asked or obtained, the execution was renewed by the clerk, and a levy on the said May 11th, A. D. 1880, was endorsed thereon by the sheriff, of a certain lot in the town of Barnwell, the property of said Gideon S. Brown, then in the possession of H. M. Myers, Jr., the executor of the last will and testament of the said testator, Gideon S. Brown, who had died in 1878, leaving

of force his said last will, in which the said Myers was nominated as executor, and had duly qualified. It seems that the other defendant, Marion S. Myers, and perhaps others of the family of the said testator, were likewise in possession; but this we are not sure that the testimony clearly shows. Certainly, the two defendants are in possession.

Under the levy made May 11th, 1880, the lot was sold and bid in by Laura C. Tobin, whose bid was duly transferred to the present plaintiffs, to whom the sheriff conveyed the said lot of land on January 14th, A. D. 1882, the sale having been made September 5th, 1881. On January 17th, A. D. 1882, the plaintiffs began this action to recover the possession of the lot of land of the defendants, who, by their answer, put the title in issue.

To establish title, the plaintiffs put in evidence the deed of the sheriff, based upon the judgment and execution, levy and sale aforesaid, all of which were in due form proved. This muniment of title and proof of the long possession of the lot of land, and its use and occupation by Gideon S. Brown, made the plaintiffs' case, and they rested.

The defendants' counsel moved for a non-suit, upon the ground that the levy, sale and conveyance of the sheriff aforesaid, were null and void; that the renewal execution was without authority, and conferred no power whatever upon the sheriff to make the levy and sale.

I concur in the view urged by the defendants' learned counsel, which was earnestly and ably combated by the learned counsel for the plaintiffs. At the date of the renewal of the execution, the judgment wanted but three days of being twenty years old. Even an authorized renewal of the execution would not have infused new life into the judgment, nor have checked the currency of the period of presumption of payment, much less did an illegal renewal have this virtue. Hence the period of presumption of payment ran on and became complete long before the sale on September 5th, 1881. Nor would the levy on May 11th, 1880, on an illegal renewal of execution, have the effect to cut short the currency of the twenty years—the period of presumption—so that when the sale was made, it was under a

judgment that had been dormant for more than twenty-one years; no effort having been made within that time to revive it. The mere renewal of a *fi. fa.*, even when regular, does not arrest the currency of the twenty years which raises the presumption of payment of a judgment. See *Dillard* v. *Brian*, 5 *Rich.* 502.

But should we regard the judgment as not affected with this presumption of payment, still there was no execution which authorized a levy and sale; and perhaps this is the turning-point in the argument at last.

Twenty years, wanting three days, had elapsed since the lodgment of the first *fi. fa.*, before a renewal is sued out; and this is done without any notice to the executor of the judgment debtor, who had been two years dead. No notice, no summons, no *sci. fa.* is issued, and no order or leave of the court is had. Under the law, prior to the adoption of the code, the original *fi. fa.* was defunct, and could only have been renewed on *sci. fa.* to Gideon S. Brown.

Did the last clause of section 307 of the code revive and restore to the plaintiffs' execution a right which had been forfeited three years before the adoption of the code? Because, after May 14th, 1867, they had lost the right to renew without leave of court upon *sci. fa.* issued. Section 317 of the code saves to executions all their incidents not supplied by or in conflict with the provisions of title IX., chapter I.; and we think the incidents to the renewal of this execution are not supplied by the last clause of section 307, but rather by the previous clauses of the section, if at all.

Did that law of 1870 confer upon the plaintiffs the right to renew without notice to the executor of the deceased debtor, and without leave of the court, as late as May 11th, 1880, simply because an execution had been issued, but lay dormant, since May 14th, 1860?

We think not. And our conclusion is that the execution issued May 11th, 1880, and lodged as a renewal of that lodged May 14th, 1860, was null and void, and that all proceedings thereunder, including the sale of the lot and conveyance to the plaintiffs, are null, and conveyed no title. The motion for

non-suit is, therefore, granted; and it is adjudged that the complaint stand dismissed with costs.

From this decree the plaintiffs appealed on the following exceptions:

1. For that his Honor erred (as it is respectfully submitted) in holding that the renewal of the execution herein by the clerk, without notice to the executor of the defendants and leave of the court, was null and void. But that his Honor should have held that leave of the court, in a case where the judgment was less than twenty years old, and where the first execution was issued within five years from the entry of the judgment, was not necessary, and that the renewal by the clerk was valid.

2. That his Honor erred in holding that all proceedings under said execution, as renewed by the clerk, including the sale of the lot and conveyance to the plaintiffs, are null, and conveyed no title. But that his Honor should have held that if notice to the legal representative of the deceased defendant, and leave of the court to renew the execution, had been necessary, the failure to give such notice, and to procure such leave, were mere irregularities which do not affect the title of the purchasers.

*Mr. Robert Aldrich,* for appellant.

*Mr. J. C. Davant,* contra.

December 11th, 1882. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. [Omitting the statement.] A judgment is registration of what the court decides. A writ of execution is judicial process to enforce that judgment. One is passive and the other active. Both the judgment and execution are links in the title to property purchased at sheriff's sale; both are necessary, and if either is void, the title of the purchaser fails. For reasons of policy to sustain sheriffs' sales, purchasers at such sales are favored to the extent that mere irregularities in the process will not avoid the sale. If purchasers at their peril were held responsible for the perfect regularity of process

under which property is sold, the result would be that property would be sold at a sacrifice, and the usefulness of such sales be greatly impaired, if not destroyed; but this rule, as to mere irregularities, does not apply where either the judgment or execution is absolutely void.

The first objection to the title in this case is that the judgment under which the sale was made, was, at the time of the sale, paid and satisfied by operation of law, and was, therefore, *functus officio;* that twenty years presumes payment, and that more than that time had elapsed. To this it is answered that three days before the twenty years had expired, the plaintiffs procured the clerk of the court, without notice to the defendant in execution, or, he being dead, to his executor, to issue a new execution, which was levied on the lot in controversy, and that this *ex parte* action of the plaintiffs shows that they did not sleep over their rights during the whole period of twenty years, and stopped the completion of the time necessary to raise the presumption of payment. As the execution is the only means which the plaintiff has to enforce payment of his judgment, and it is in one sense connected with the judgment, there has been some difference of opinion as to the effect of a renewal of the execution in regard to the running of the time necessary to presume payment of the judgment. But, after very full consideration, it was held by the old Court of Appeals in the case of *Dillard* v. *Brian,* 5 *Rich.* 501, that " the period of time (twenty years) which raises the presumption that a judgment is satisfied, begins when the judgment is entered up, and not when the last renewal *fi. fa.* is tested or loses its active energy." This is in point, and unless overruled, must control this case. We will not re-open the argument. Counting from the rendition of the judgment on May 14th, 1860, (disregarding the effort to renew by mere copy on May 11th, 1880,) to September 5th, 1881, when the lot was offered for sale, nearly twenty-one years had elapsed, and the artificial force of the presumption had attached. *Willingham* v. *Chick,* 14 *S. C.* 102; *Boyce* v. *Lake,* 17 *S. C.* 481.

This view is conclusive of the case, and it is unnecessary to consider the other questions raised, whether the execution, under which the levy was made, was renewed according to law, and if

not, whether said execution was absolutely void or only voidable. There can be no valid execution or sale under it, when the judgment on which it was issued is satisfied either in law or in fact. When the land in this case was sold, more than twenty years from the rendition of the judgment had expired and raised the presumption of payment, which was not rebutted by the *ex parte* effort of the plaintiffs to renew the execution. "To explain the indulgence there must be some act or admission on the part of the defendant, showing the continuance of the debt. In the issuing, returning and renewing of executions, the defendant has no action. It may be done and redone for forty years, and unless he is astute enough to examine the clerk's and sheriff's offices, he will be ignorant of the facts." *Dillard* v. *Brian, supra.*

The judgment of this court is that the judgment of the Circuit Court be affirmed.